UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINWOOD GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-01426 (UNA) |
| ) | |
| ) | |
| JOHNATHAN ZUCKERMAN *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and Motion for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court will grant the motion and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, has sued two attorneys for legal malpractice. Allegedly, the "attorneys from Washington D.C." were retained to represent Plaintiff in post-conviction proceedings in the U.S. District Court for the District of Maryland. Compl. at 1 (citing 28 U.S.C. § 2255). Plaintiff appropriately invokes the diversity statute as the jurisdictional basis for his common law claim. *See id*. But in a diversity action, "[c]itizenship is an essential element" that cannot be established by "an allegation of residence alone," and "failing to establish citizenship is not a mere technicality." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Therefore, the party seeking to proceed in diversity "bears the burden of pleading the citizenship of each and every party to the action." *Id*.

Plaintiff asserts only that he "currently lives in the District of Columbia" and that the defendant attorneys maintain a D.C. "business address," Compl. at 2, neither of which establishes "the citizenship necessary for diversity jurisdiction," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983). Consequently, this case will be dismissed by separate order.

_____/s/_____
TIMOTHY J. KELLY
Date: June 12, 2024                                                                   United States District Judge